UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
NOV 25 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

KEVIN L. HORNE, SR.,

        Plaintiff,

v.

MERCER COUNTY CORRECTION,
et al.,

        Defendants.

Civil Action No. 13-6522(AET)

**MEMORANDUM OPINION**

**APPEARANCES:**

Kevin L. Horne, Sr.
Mercer County Correctional Center
P.O. Box 8068
Trenton, NJ 08650
    Plaintiff pro se

**THOMPSON,** District Judge

    Plaintiff Kevin L. Horne, a prisoner confined at Mercer County Correction Center in Trenton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed,

unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month

2

period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of

3

it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 F.App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F.App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

4

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.[1] Plaintiff will be granted leave to apply to re-open within 30 days.

An appropriate Order will be entered.

/s/ Anne E. Thompson
Anne E. Thompson
United States District Judge

Dated: 11/22/13

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., Nos. 12-1261, 12-1362, 2013 WL 5356838, *8 (3d Cir. Sept. 26, 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).